IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD DOUGLAS MURRAY SR.,
    Plaintiff,

v.                                                         Civil Action No. 3:04-CV-103

EDWARD RUDLOFF, et al.,
    Defendants.

**REPORT AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE IF PLAINTIFF DOES NOT PROVE THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITHIN 15 DAYS FROM THE DATE OF THIS ORDER.**

I. Introduction

Plaintiff filed a complaint under § 1983 on October 26, 2004. Defendant, Commissioner, Jim Rubenstein filed a Waiver of Reply and Alternative Motion to Dismiss on November 5, 2004.[1] Defendant, Edward J. Rudloff filed a Motion to Dismiss on November 19, 2004.[2] Defendant, Glenn Stotler filed a Motion to Dismiss on November 24, 2004.[3] Defendant, Barbara White filed Motion to Dismiss on December 6, 2004.[4] On February 14, 2005 the Undersigned sent a <u>Roseboro</u> notice to the *pro se* Plaintiff Richard Douglas Murray, Sr., advising him of his right to file counter-affidavits or other responsive material and to the fact that his failure to so respond might result in

---

[1] Docket No. 5.

[2] Docket No. 12.

[3] Docket No. 14.

[4] Docket No. 19.

the entry of an order granting defendants' Motions to dismiss in accordance with Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). Plaintiff was given thirty days to file any responses to the Defendants' Motions to Dismiss. Plaintiff had until March 17, 2005 to file his response. Plaintiff has yet to respond to Defendants' Motions to Dismiss.

A. Background

Plaintiff is an inmate at the Eastern Regional Jail serving a 1 year sentence followed by a 1 to 3 year term in the custody of the Department of Corrections. The Plaintiff also has pending charges in Berkely County. Plaintiff filed a complaint under § 1983 on October 26, 2004. Plaintiff alleges that he has been subjected to "cruel and unusual punishment" as a result of the Defendant's refusal to treat him for his Hepatitis C diagnosis and for the bone formation on his foot. The Plaintiff requests that the defendants provide him immediately with the treatments prescribed for both his disease and his foot ailment. Also, the Plaintiff requests the immediate payment of all medical bills that arise from his treatments and foot surgery. The Defendants asserts among other things that (1) Plaintiff has failed to state a claim upon which relief can be granted; (2) Plaintiff fails to allege that any of the Defendants acted with deliberate indifference to his serious medical needs; (3) Plaintiff has not exhausted all administrative remedies; (4) Defendants are shielded by qualified good faith immunity and (5) that the Plaintiff has not correctly followed the procedures of the Medical Professional Liability Act, specifically, West Virginia Code § 55-7B-6(a) and (b).

II. Discussion

A. Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion in § 1997e(a) cases is now mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. § 1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002).[5] Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth 532 U.S. at 741. Additionally, district courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant. Anderson v. XYZ Correctional Health Services Inc., 407 F.3d 674, 287 (4th Cir. 2005) ("a district court may raise the issue of exhaustion of remedies on its own motion. Except in the rare case where failure to exhaust is apparent from the face of the complaint, however, a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue."). See also Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998). The PLRA requires the complaint to be dismissed until the record demonstrates on its face that the prisoner has exhausted his administrative remedy. Brown; 42 U.S.C. § 1997e(a).

---

[5]In Porter, an inmate sued the correctional officers who had severely beaten him. The inmate alleged that the correctional officers "placed him against a wall and struck him with their hands, kneed him in the back, [and] pulled his hair." Porter, 534 U.S. at 520.

The West Virginia Department of Corrections has established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G-1 Grievance Form with the Unit Supervisor or appropriate Staff Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections. Plaintiff has not provided proof that he exhausted his administrative remedies. Plaintiff's pleadings contain no copies or other indications of any kind that he has even filed a grievance on the issues raised in the allegations contained in the Complaint, let alone exhausted the grievance process.

<u>Decision</u>

Plaintiff has **Fifteen (15) days** from the date of this Report and Recommendation to prove that he exhausted his administrative remedies. **If Plaintiff does not show proof that he exhausted his administrative remedies with 15 days from the date of this Report and Recommendation then I recommend that this case be DISMISSED WITHOUT PREJUDICE**. However, if Claimant does prove that he exhausted his administrative remedies within 15 days then the Undersigned will file a report and recommendation concerning the other issues raised in the referred dispositive motions.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be

submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the Unites States District Court for the Norther District of West Virginia.

DATED: July 28, 2005

/s/ James E. Seibert

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE